### 10442

#### HOPKINSON, ADMR., v. MASON & HANGER CONTRACTING CO.

##### (103 S. E. 534.)

1. MASTER AND SERVANT—NEGLIGENCE HELD FOR JURY.—In an action against the employer of an 11-year-old office boy killed by being run over by employer's automobile truck when sent out to deliver a message, case *held* for the jury on the issues of negligence made by the pleadings and evidence.

2. TRIAL—REQUESTED INSTRUCTION ON ASSUMPTION OF RISK NOT PLEADED PROPERLY REFUSED.—Where defendant employer sued for death of a servant failed to plead assumption of risk, which is an affirmative defense, the trial Court could not be required to charge a request thereon.

3. MASTER AND SERVANT — EVIDENCE HELD TO SUPPORT VERDICT FOR DEATH OF MINOR EMPLOYEE.—Evidence held to support verdict in favor of an administrator suing his intestate's employer for the death supporting the specifications of negligence as to deceased, an 11-year-old boy killed by a truck.

Before GARY, J., Charleston, January term, 1920. Affirmed.

Action by Jno. M. Hopkinson, as Admr. of the Estate of Leonard A. Hopkinson, Deceased, against Mason & Hanger Contracting Company. From verdict for plaintiff, the defendant appeals.

*Messrs. Rutledge, Hyde & Mann,* for appellant, cite: *The measure of duty to a trespasser is not to injure him wantonly or recklessly:* 57 S. C. 243; 67 S. C. 391. *Where*

*one took dangerous place contrary to rule of company, but with consent of engineer, there can be no recovery:* 23 S. C. 531; 58 S. C. 143.    *Use of prohibited bridge:* 86 S. C. 106. *Child responsible for contributory negligence where testimony shows him of sufficient degree of intelligence:* 25 S. C. 24; 66 S. C. 47; 76 S. C. 539.    *Boy was volunteer and cannot recover for ordinary neglience:* 109 S. C. 67; 13 L. R. A. 561; 29 L. R. A. 663; 61 S. C. 491.    *Duty to direct verdict where testimony susceptible of but one reasonable inference; where only issues of law are involved:* 42 S. C. 48; 68 S. C. 134; 66 S. C. 285; 91 S. C. 17; 104 S. C. 29. *"Scintilla" defined:* 99 S. C. 417.

*Messrs. Logan & Grace,* for respondent, cite: *Supreme Court will not reverse a case because against the manifest weight of the evidence; this being for Circuit Judge on motion for new trial:* 94 S. C. 311; 95 S. C. 199.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is a suit for damages.    The case was tried before Judge Gary, and a jury, at the January term of Court, 1920, for Charleston county, and resulted in a verdict in favor of the plaintiff for $12,000.    Plaintiff's intestate was a boy 11 years of age, who was killed by being run over by an automobile truck while in the employment of the defendant.

The exceptions are two in number.    The first exception and subdivision 3 of the third exception refer to the same point, and will be considered together.    They are:

"First Exception: Because the presiding Judge erred in refusing to direct a verdict for the defendant made upon the ground that there was no evidence to sustain the allegation in the complaint that the deceased in the course of his employment was sent out to deliver a message for the defend-

ant and in the discharge of his duty signaled a truck which ran over and killed him; the whole evidence showing, and the only inference from the testimony being, that the deceased, in attempting to mount the truck, was not doing any duty for the master which he was required to do at the time and place of the accident."

"Third Exception: * * * That the only inference from the testimony is that the plaintiff received his injuries while attempting to mount an automobile truck for purposes of his own, and not in discharge of any duty to the master."

These exceptions cannot be sustained. The Judge could not have directed as asked for by the defendant, under the evidence in the case and specification of negligence made in the complaint. The specifications of negligence are:

"In causing and allowing and inviting said Leonard A. Hopkinson to ride on truck, and particularly the truck in question, in order to carry out the duties of his employment.

"(a) In causing and allowing said truck to be suddenly started with a jolt, jerk, and jar so as to throw off the said Leonard A. Hopkinson and fatally injure him.

"(b) In failing and omitting, although said Leonard A. Hopkinson was an infant of tender years, to warn him of the danger of riding on said truck. * * *

"(d) In failing and admitting, although said Leonard A. Hopkinson was an infant of tender years, to take such care and precautions as would have prevented the said Leonard A. Hopkinson from having been fatally injured."

There was ample evidence for the cause to be submitted to the jury under the issues as made by the pleadings, and we see no error on the part of his Honor in so doing. The second exception is as follows: "Second. Because the presiding Judge erred in refusing to charge the jury the defendant's fifth request, as follows: 'The jury is instructed that, if they find from the evidence that the deceased was injured by attempting to mount a moving

truck, he must be held to have assumed the risk, and the defendant cannot be held for result of such conduct'—the error assigned being that, if there was a total failure of evidence to show that the deceased was required to mount a moving truck in the discharge of ·his duty, or if the jury should conclude from the evidence that there was no such requirement, then any such conduct on the part of the deceased was either contributory negligence or .the voluntary assumption of a risk not incident to his employment, and in either case the defendant would not be liable."

The defendant failed to plead assumption of risk, which is an affirmative defense, and the Judge could not be required to charge the request, and there was in addition to this ample testimony that the office boys were allowed to mount the trucks, and orders were given that every one were to be allowed to ride on the trucks, helpers, men and boys.

There is plenty of evidence to support the verdict. The evidence to support the specification of negligence and reck-lessness was ample. It was not necessary to prove each specification, and the allegations were sufficiently proved to submit to the jury for their determination, and there is ample testimony to sustain their verdict.

The exceptions are all overruled, and judgment affirmed.